

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*        *Direct Dial: (973)645-2700*
*Newark, New Jersey 07102*

November 14, 2017

**BY ECF & ELECTRONIC MAIL**

The Honorable Madeline Cox Arleo
United States District Judge
Martin Luther King, Jr. Federal Building
 & United States Courthouse
50 Walnut Street
Newark, NJ 07102

   Re: *United States v. Corey Hamlet et al.*, Crim. No. 14-220

Dear Judge Arleo:

  We write respectfully to object to defense counsel's improper attempt to introduce (through the Government's witnesses) self-serving, out-of-court statements from their own Instagram accounts.  In particular, defendant Hamlet has advised the Government that, during the cross-examination of an FBI witness, he (Hamlet) seeks to introduce posts that fall within the following broad categories:  (1) Hamlet purportedly speaking to kids about "conflict resolution" and "gang intervention"; (2) Hamlet's political, religious, and civic beliefs about family; and (3) celebrity or music events purportedly held or promoted by Hamlet.  *See* Exhibit A.

  These posts are plainly inadmissible because they:  (a) constitute inadmissible hearsay under Rule 801; (b) are irrelevant or confusing under Rules 401 and 403; and (c) are veiled attempts at jury nullification.

  Dozens of courts have held that Rule 801(d)(2)(A) does not permit a defendant to introduce his own self-serving, out-of-court statements.  Indeed, as the Sixth Circuit has put it, "Rule 801 . . . does not extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (emphasis in original); *see also, e.g., United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("[W]hen the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."); *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) ("The

requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them."); *United States v. Vrancea*, 2013 WL 549099, at *4 (E.D.N.Y. Jan. 4, 2013) ("Under th[e] rubric [of Rule 801(d)(2)(A)], self-serving and exculpatory statements are inadmissible hearsay and may not be introduced by the defendant at trial.").

For example, the Fourth Circuit has explained that, under Rule 801(d)(2)(A), the Government may, during direct examination, "introduce[] statements made by [the defendant], [but] [t]he rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996); *United States v. Larsen*, 175 Fed. App'x 236, 241 (10th Cir. 2006) ("[The] rule does not permit self-serving, exculpatory statements made by a party and offered by that same party."); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("The self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay, see Fed. R. Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay."). A defendant who wishes to get such statements into evidence must testify and subject himself to the rigors of cross-examination.

Thus, under these long-established principles, Hamlet's self-serving, out-of-court statements claiming to having lectured school kids on "conflict resolution" and "gang intervention" are clearly inadmissible. Exh. A at 2. Likewise, Hamlet's out-of-court statements that he spoke with kids and "gave them a different view of life" are inadmissible. Exh. A at 1. Hamlet is welcome to take the witness stand—subjecting himself to vigorous cross-examination—to deny that he was a gang member/leader, but he may not hide behind his self-serving, inadmissible hearsay statements.[1]

Hamlet also seeks to introduce posts indicating that he voted for, and supported the candidacy, of Ras Baraka for Mayor of Newark, and that he appears to have celebrated Ramadan, the Fourth of July, Mother's Day, and Father's Day. For example, Hamlet proposes to introduce:

---

[1] Nor does the Rule 106 allow Hamlet to introduce these otherwise inadmissible hearsay statements. "The completeness doctrine does not, however, require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *Marin*, 669 F.2d at 84; *Wilerson*, 84 F.3d at 692 ("[W]hen the rule does apply, its purpose is to prevent a party from misleading the jury by allowing into the record relevant portions of the excluded testimony which clarify or explain the part already received."); *see also United States v. Collicott*, 92 F.3d 973, 993 (9th Cir. 1996) ("Rule 106 does not compel admission of otherwise inadmissible hearsay evidence.") (internal quotation marks and citation omitted).

2

- A poster that states, "I'm with Ras for Major 2014." In his Instagram account, Hamlet captioned the post: "He's a man who is the voice of the people… #OutNextMajor #VoteForBaraka!!!!" Exh. A at 4.

- A poster that states "Vote Tuesday May 13" for Ras Baraka. Exh. A at 4.

- A poster about Ramadan, which Hamlet captioned: "Just remember your obligations as a believer…." Exh. A at 5.

- A poster that states, "Happy Mother's Day." Hamlet captioned the post: "I would like to take the time to wish all women who know the struggle of raising a child in unsuitable circumstances not befitting you yet you didn't allow life's pitfalls to consume your spirits!!!!!! My mere words can't suffice the hardships you must endure to be call a woman, So on them grounds alone I'll forever be in debt!!!!!!!!!!" Exh. A at 7-8.

- A poster that states, "Happy Father's Day to all the Dads, Stepdads, & Granddads." Hamlet captioned the post: "#CookOut today #210South st…. Come show some love… if you have nothing to do come on through!!!!!! #Muslc #Free Food #QDDDDD… #FathersDaySoclalEvent… #SoBottomMusic#DownBottomNation." Exh. A at 9-10.

Similarly, counsel for defendant Manley—who is charged with a double murder and an attempted murder, among other things—has informed the Government that he may seek to introduce posts and photographs of Manley with his daughter. Counsel has not yet, however, identified the posts that he seeks to introduce.

As an initial matter, all of the above-mentioned posts constitute inadmissible hearsay under Rule 801(d)(2)(A). But more importantly, such posts and photographs, particularly those related to Hamlet's purported political, religious, or civil beliefs, are not relevant under Rule 401—i.e., are not probative of his participation in the RICO conspiracy or other charged offenses—and will be highly confusing to the jury under Rule 403. Politics, religion, and related issues have no place in a criminal trial, particularly a gang-related RICO murder trial.

Moreover, posts related to Hamlet promoting Mother's Day and Father's Day—or posts about any of the defendants' families—are nothing more than thinly veiled attempts at jury nullification. Whether Hamlet or any of the defendants had a relationship with their mothers, fathers, or children, celebrated family holidays, or supported their families are completely irrelevant

3

and have zero probative value. Indeed, such facts will solely focus the jury on the potential impact on the defendants' families should jurors vote to convict. This is particularly so given that both Hamlet and Manley are charged with multiple murders and (jurors likely suspect) that they face life sentences if convicted.

The Third Circuit has stated unequivocally that "jury nullification violates the sworn jury oath," *United States v. Boone*, 458 F.3d 321, 329 (3d Cir. 2006), and it has not hesitated to affirm the exclusion of evidence that poses a risk of nullification. *See United States v. Perez*, 459 Fed. App'x 191, 198 (3d Cir. Jan. 25, 2012) (non-precedential) (holding that the district court did not abuse its discretion in excluding evidence of a defendant's "family and work life in the United States" because it "created a risk of jury nullification"); *United States v. Laguna*, 693 F.3d 727, 730 (7th Cir. 2012) (affirming the exclusion of evidence because, "[a]side from being irrelevant, the evidence also invites jury nullification"). Further, it is well-settled that punishment is the exclusive province of the court, and jurors must not consider potential punishment in arriving at their verdict. *See, e.g., Rogers v. United States*, 422 U.S. 35, 40 n.2 (1975) ("[P]unishment is a matter exclusively within the province of the Court and is not to be considered by the jury in arriving at an impartial verdict.").

Finally, Hamlet's self-serving posts in which he promotes himself standing next to (who he claims are) music or radio celebrities constitute inadmissible hearsay. Exh. A at 13-17. If Hamlet wants to call these celebrities as character witnesses under Rule 404(a), then he may do so (if there is a pertinent character trait). Those witnesses will then be subject to cross-examination about what they did, or did not know, about Hamlet and his violent gang activities. But Rule 801(d)(2)(A) does not allow him to introduce his self-serving out-of-court statements. Likewise, Hamlet's attempt to take credit for Chief Keef being allegedly dropped from Interscope Records is irrelevant and inadmissible hearsay. Exh. A at 20-22.

Thank you for your consideration.

                    Respectfully submitted,

                    WILLIAM E. FITZPATRICK
                    ACTING UNITED STATES ATTORNEY

By: _____
                    OSMAR J. BENVENUTO
                    BARRY A. KAMAR
                    RICHARD J. RAMSAY
                    Assistant United States Attorneys

cc:    All counsel of record (via electronic mail)