# D<small>UGHI</small>, H<small>EWIT</small> & D<small>OMALEWSKI</small>, P.C.

| | | |
|---|---|---|
| LOUIS JOHN DUGHI, JR. | ATTORNEYS AT LAW | OF COUNSEL |
| RUSSELL L. HEWIT | | WILLIAM L'E. WERTHEIMER |
| CRAIG A. DOMALEWSKI | 340 NORTH AVENUE EAST | LORI D. LEWIS |
| ROBERT W. DONNELLY, JR. | CRANFORD, NEW JERSEY 07016 | |
| MICHAEL J. KEATING | (908) 272-0200 | |
| CHARLES M. RADLER, JR. | TELECOPIER: (908) 272-0909 | JENNIFER L. YOUNG |
| MARIO C. GURRIERI | | STEVEN HAHN |
| SCOTT A. HALL | | ELIZABETH A. FARRELL |
| DARA L. SPIRO | | KRISTIN N. BADALAMENTI |
| MARY ELIZABETH GAZI | | DANIELLE N. SINGER |
| LORI CIARROCCA DUFFY | | |
| CYNDEE L. ALLERT | | |
| BRANDON D. MINDE | | |
| KRISTIN M. CAPALBO | | |

WILLIAM H. GAZI  (1964-2001)
LAWRENCE WEISS (1961-2011)

November 15, 2017

VIA ECF
The Honorable Madeline Cox Arleo
Judge, United States District Court
M. L. King Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ  07102

   Re: <u>United States v. Hamlet, et al.</u>
     Cr. No. 14-220 (MCA)
   Our File No.:  14843

Dear Judge Arleo:

  Please accept this letter brief on behalf of all Defendants in response to the Government's November 14, 2017 letter brief objecting to the Defendants' use of their own Instagram accounts on cross examination of the witness who the Government seeks to have testify exclusively about a select portion of the Instagram accounts.  To be clear, it is the Defendants' position that the entire Instagram account for each Defendant is admissible under the rule of completeness because the Government has opened the door to admission of these Defendants' Instagram accounts in a misleading manner, which can only be corrected by admission of the complete accounts.

- The Government's Opening Statement: "Social media postings.  I mentioned earlier that all these Defendants and numerous gang members had Instagram accounts, various social media accounts.  Well, witness after witness after witness is going to tell you that these Defendants were members and associates of the Grape Street Crips, and that testimony is going to be supported by Instagram postings that you will see showing these Defendants posing with one another and with other gang members in gang colors, flashing hand singles, showing their membership in the Crips."
[Trial Transcript Vol. 1, 36:8-17]

Dughi, Hewit & Domalewski, P.C.

Re:  U.S. v. Hamlet, et al.
Page 2

- During the direct examination of witness, Dennis Wright, the Government elicited the following testimony:
  Q: Okay. Did the gang – did members of the gang routinely use social media?
  A:  Yes.
  Q:  Like Instagram?
  A:  Yes.
  Q: And did members of the gang post photographs on social media and send messages on social media related to the gang or gang business?
  A:  Yes.
  Q: Did members of the gang also post on social media the rule about cooperating, or references, for example, to 187 on all rats?
  A:  Yes.
  [Trial Transcript Vol 8, 1654:21 – 1655:8.]

The Government has made the Defendants' Instagram use as gang members a part of this case.  The Defendants do not seek to introduce the entire accounts for any gang members that are not defendants in this trial.  As to the Defendants here, the Government's attempt to admit only a handful of select images in support of the assertion that the Grape Street Crips is a criminal enterprise and membership in this criminal enterprise is supported by Defendants' Instagram use, without permitting the defense to cross exam the witness regarding the entire Instagram account, is unjust and will mislead the jury.

Admission of Defendants' remaining Instagram posts provides context to the Government's exhibits, in that Defendants have posts with other Grape Street Crips, unrelated to any "gang activity" and certainly unrelated to any criminal activity.  It would prevent the jury from being misled into believing the Instagram accounts contain "messages" and "rules," when these posts are noticeably absent from Defendants' Instagram accounts.  It would further prevent the misleading notion presented by the Government that the Defendants use these Instagram accounts is solely for gang-related purposes.

Federal Rule of Evidence 106, the rule of completeness, necessitates admission of the defendants' complete Instagram accounts because the Government has created an unfair and inaccurate picture of Defendants' use of Instagram throughout the trial thus far, and will continue to do so if their witness is permitted to testify regarding only a fraction of the Instagram account posts, without being crossed as to the entire account.

DUGHI, HEWIT & DOMALEWSKI, P.C.

Re:  U.S. v. Hamlet, et al.
Page 3

### THE RULE OF COMPLETENESS NECESSITATES THE INSTAGRAM ACCOUNTS BE VIEWED IN THEIR ENTIRE CONTEXT SO AS NOT TO MISLEAD THE JURY.

Rule 106 provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.

The rule of completeness may require admission of additional portions of a record if "necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding. United States v. Soures, 736 F.2d 87, 91 (3d Cir. 1984).  In this case, admission of the complete Instagram accounts is needed to accomplish these objectives.  Admittedly, the Rule does not require introduction of irrelevant portions.  However, here, the Government has made the use of the Instagram accounts part of its case, thus making the entire account, and how it was used, relevant.  Further, the complete Instagram accounts are admissible in this case because Rule 106 does not exclude photos to the extent they are reported in written material, such as an Instagram account, that is introduced only in part or out of context with the same or other written material.  Under the Federal Rules of Evidence, "a reference to any kind of written material or any other medium includes electronically stored information, such as an Instagram account."  F.R.E. 101(b)(6).

The complete Instagram accounts provide context to the Government's selected Instagram posts.  The posts chosen by the Government were not posted in a vacuum, nor do they show a fair or proportional selection of how Instagram was used by the Defendants.  Critically, without the complete account, it is certain the jury will be misled.  The Government established that gang member's Instagram accounts contain messages and rules relating to "gang business."  Unless the defense is allowed to confront this allegation, the jury will have no reason to think it is false.  Accordingly, the jury will be misled to believe that, for example, all the Instagram accounts contain those types of posts, when they do not.  Further, the complete Instagram account must be admitted not only to show the use of the account, but to also show the absence of any criminal activity for these accounts; which the Government has eluded to on more than one occasion.  The failure to admit the complete Instagram accounts will ensure an unfair and partial understanding of the use of Instagram accounts by Defendants.  The Defendants must have an opportunity to counter the claims being established by the Government.

DUGHI, HEWIT & DOMALEWSKI, P.C.

Re:  U.S. v. Hamlet, et al.
Page 4


      The Instagram account posts are not hearsay as they are not being offered to prove the truth of the matter asserted in the posts.  In fact, these are accounts that the Defendants have made available for viewing to dozens, if not hundreds, if not thousands, of connected Instagram users, who are free to comment on the posts as they wish.  The majority of these comments are not from gang members, and thus would not come in under any conspiracy exception to the hearsay rule for the Government either.  However, the Government seeks to include these comments merely for the context of the posts.  Similarly, the defense seeks admission of all the posts and comments merely to place in context the Instagram posts the Government seeks to enter into evidence.  The point of introducing the entire account is to provide the jury with an accurate picture of the Defendants' use of their Instagram accounts, which the Government has brought into question and opened the door to as being for gang-related purposes.  Through consideration of the entire account, the jury will be able to accurately determine how these accounts were used by the Defendants, and whether they were, in fact, used for gang related activity, as the Government asserts.  Similarly, by placing into context how much of an account was actually gang related, the jury can determine the extent of the gang's role played in these Defendants' lives, which has been made a part of this case.  Again, this is not to determine what was said in the account posts, but how the account was used, which is relevant to this case and would not be hearsay.  If the Defendants' accounts show that a significant majority of posts are not gang-related, that is a proper context for the defense to establish in light of the Government's case and the role it has placed on Defendants' Instagram accounts.

      Justice and fairness compel the admission of the complete Instagram accounts of the Defendants who wish to defend against the accusations and inaccurate testimony concerning their use of Instagram by placing the account in the proper context, which is necessary to provide the jury with a fair and impartial understanding of that use.

      Respectfully submitted on behalf of Defense Counsel,

      DUGHI, HEWIT & DOMALEWSKI

      /s/ Brandon D. Minde

      Brandon D. Minde
      bminde@dughihewit.com

cc:  All Counsel

G:\14843\14843-2017-11-15-COR-ARLEO-EAF-BDM-.docx